PER CURIAM.
Neal William Swain, III, appeals his judgment and sentence. Swain raises six issues on appeal, one of which merits discussion. Swain alleges that his convictions for both armed burglary with assault or battery and aggravated assault with a firearm constitute double jeopardy. We disagree with Swain’s double jeopardy argument because Swain was convicted of armed burglary with a firearm, not armed burglary with assault or battery as charged.[1] However, the judgment does contain a scrivener’s error which should be corrected.
The information charged Swain with one count of armed kidnapping in violation of *475 section 787.01(l)(a), Florida Statutes (1997); one count of armed burglary with assault or battery in violation of sections 810.02(1), 810.02(2)(a), and 810.02(2)(b), Florida Statutes (1997); and one count of aggravated assault with a firearm in violation of sections 775.087 and 784.021, Florida Statutes (1997). The jury found Swain guilty of armed kidnapping pursuant to section 787.01(l)(a); armed burglary with a firearm pursuant to sections 810.02(1) and 810.02(2)(b); and aggravated assault with a firearm pursuant to sections 775.087 and 784.021. The judgment contains a scrivener’s error in that it references section 810.02(2) (a) (burglary with assault or battery). We affirm Swain’s convictions; however, we remand for the trial court to remove the reference to section 810.02(2)(a) from the judgment.
Convictions affirmed and remanded for correction of scrivener’s error.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., Concur.

. The State incorrectly charged Swain with armed burglary with assault or battery as a single offense. The charge consists of two separate offenses: 1) armed burglary with a firearm pursuant to section 810.02(2)(b), Florida Statutes (1997); and 2) burglary with assault or battery pursuant to section 810.02(2)(a), Florida Statutes (1997). Each offense requires an element of proof which the other does not; thus, the offenses should have been charged separately. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).