PER CURIAM.
Appellant, Safford Bronson, contends that his convictions of burglary with a deadly weapon and two counts of aggravated battery violated the prohibition against double jeopardy, because the aggravated batteries were an element of the burglary offense and all of the charges were based upon the possession of the same deadly weapon, a knife. We disagree and affirm.
The statutes proscribing armed burglary and aggravated battery each contain an element that the other does not, thus the separate convictions do not violate the bar against double jeopardy. Section 810.02(2)(b), Florida Statutes (1997), pertaining to armed burglary, requires proof of (1) unauthorized entry into a structure, (2) specific intent to commit an offense therein, and (3) possession of a dangerous weapon. Section 784.045(l)(a), Florida Statutes (1997), involving aggravated battery, requires proof of (1) an intentional touching or striking of another person against his or her will, and (2) use of a deadly weapon. Unlike aggravated battery, armed burglary requires entry into a structure, and unlike armed burglary, aggravated battery requires the commission of a battery.
The cases Bronson relies on are distinguishable. For example, Lyles v. State, 724 So.2d 138 (Fla. 1st DCA 1998), holds that it is improper to convict a defendant for both burglary with a battery and simple battery where both offenses involve the same battery. Burglary with a battery is an offense under section 810.02(2)(a), Florida Statutes (1997), which applies if the offender, during the burglary, “[mjakes an *1275 assault or battery upon any person.” Bronson, however, was convicted under section 810.02(2)(b), Florida Statutes (1997), which applies if the offender, during the burglary, “[i]s or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon.” Accordingly, the principle in Lyles does not apply, because Bronson’s offense of armed burglary does not include the element of battery.
The Second District in Swain v. State, 744 So.2d 474 (Fla. 2d DCA 1999), rejected Swain’s claim that his convictions for armed burglary and aggravated assault with a firearm constituted double jeopardy. The court stated that regardless of the charging document, “Swain was convicted of armed burglary with a firearm, not armed burglary with assault or battery,” and thus there was no double-jeopardy violation. As stated above, Bronson, too, was charged with and convicted of armed burglary under section 810.02(2)(b), and not burglary with a battery.
Bronson’s conviction for armed burglary required proof only that he intended to commit an offense therein, in this case a battery, whereas his conviction for aggravated battery required proof that he actually committed the battery. In cases where Florida courts have found double-jeopardy violations, the offense of burglary with an assault or battery was not completed until the defendant committed a battery within the structure. In contrast, once Bronson was in the motel room, he had completed the offense of armed burglary, and had not yet perpetrated the two aggravated batteries.
AFFIRMED.
ERVIN, LAWRENCE and PADOVANO, JJ., CONCUR.